UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELDER CARE PROVIDERS OF INDIANA, INC., | ) ) ) | |
| Plaintiff, | ) ) | No. 1:14-cv-01894-SEB-MJD |
| vs. | ) ) | |
| HOME INSTEAD, INC., | ) ) | |
| Defendant. | ) | |

**ORDER REGARDING MOTIONS TO SEAL**

This matter comes before the Court on Elder Care Providers of Indiana, Inc. ("Elder Care"), Anthony Smith, Georgette Smith, and Home Again Senior Care, Inc.'s (collectively "Counter-Defendants") Motion to Maintain Documents Under Seal [Dkt. 93] and Motion to Maintain Certain Documents Under Seal and Statement Authorizing Unsealing of Other Documents [Dkt. 111]. Additionally before the Court are Home Instead, Inc.'s ("Home Instead") Motion for Leave to Maintain Under Seal [Dkt. 103], Motion to Maintain Certain Documents Under Seal [Dkt. 115], Second Motion to Maintain Certain Documents Under Seal [Dkt. 117], and Motion to Maintain Attachments 1 and 2 to the Second Declaration of Tanya Morrison Under Seal [Dkt. 120].

For the following reasons, the Court hereby **DENIES** Counter-Defendants' Motion to Maintain Documents Under Seal [Dkt. 93] as **MOOT** and **GRANTS** Counter-Defendants' Motion to Maintain Certain Documents Under Seal and Statement Authorizing Unsealing of Other Documents [Dkt. 111]. The Court additionally **ORDERS** the parties to appear before the Court for a hearing on Home Instead's remaining motions to seal.

1

## I. Background

On November 18, 2014, Plaintiff Elder Care Providers of Indiana, Inc. filed this suit against Defendant Home Instead, Inc. alleging that Home Instead wrongfully terminated the parties' Franchise Agreement, in violation of the Indiana Deceptive Franchise Practices Act, for providing *medical* services in addition to the franchised *nonmedical* services.  [Dkt. 1.]  In response, Home Instead raised several counterclaims against Elder Care and the remaining Counter-Defendants, including misappropriation of trade secrets and trademark infringement, alleging that the Counter-Defendants violated state and federal laws by usurping Home Instead's confidential business System, in violation of the Franchise Agreement.  [Dkt. 44.]

On February 17, 2015, Home Instead filed a Motion for Preliminary Injunction requesting that the Court order the Counter-Defendants to cease using Home Instead's materials and methods, to cease working with Home Instead's vendors, and to return any Home Instead materials, among other requests.  [Dkt. 59.]  In support of the response and reply briefing pertaining to Home Instead's Motion for Preliminary Injunction, both Home Instead and the Counter-Defendants submitted documents under seal, pursuant to the Court's Protective Order [Dkt 77].  [*See* Dkts. 92, 99, 100, 101, 102 (sealed attachments).]

Upon filing their response brief, Counter-Defendants moved to maintain confidentially-marked documents under seal for fourteen days in order to give Home Instead the opportunity to move to seal the attachments it had so designated as confidential during discovery.  [Dkt. 93.]  Upon filing its reply brief, Home Instead moved to permanently seal certain exhibits to its reply brief [Dkt. 103], and Counter-Defendants thereafter moved to permanently seal additional exhibits filed by Home Instead in support of its reply brief [Dkt. 111].  Home Instead then moved for the Court to permanently seal additional documents submitted as exhibits in support

of the parties' briefs [Dkts. 115, 117, & 120] and further moved for leave to file a reply brief in support of one of its motions for permanent seal [Dkt. 127]. Each of the aforementioned motions is now before the Court.

## II. Discussion

"Secrecy is fine at the discovery stage, before the material enters the judicial record." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) (citing to *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984)). Once documents become the underpinnings of a case, however, such documents are presumptively subject to public inspection "unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality," such as "information covered by a recognized privilege" or "information required by statute to be maintained in confidence." *Id.* at 545-46. When a motion to keep confidential documents sealed generally asserts that the documents are "commercial" without attempting to analyze the legal reasoning behind maintaining that seal, "[t]hat won't do." *Id.* at 546 (Easterbrook, J.). Accordingly, a motion that "does not analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations . . . [has] no prospect of success." *Id.* at 548.

Even when a protective order providing for confidentiality is on the docket, the party who desires the secrecy has the burden of continually showing "good cause" to maintain such confidentiality when the confidential nature of the information is challenged. *In re Bank One Sec. Litig.*, 222 F.R.D. 582, 586 (N.D. Ill. 2004) (citing to *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir.2000)). The majority of information produced in the discovery process remains private because it is never filed with the Court, but "most portions of discovery that are filed and form the basis of judicial action must eventually be released[, as] the judge's opinions and orders belong in the public domain." *Union Oil Co. of California v. Leavell*, 220 F.3d 562,

3

568 (7th Cir. 2000). When a party presents "good cause" to maintain documents as confidential, the Court must weigh the party's confidentiality interest against this public right to access the information. *See Matter of Cont'l Illinois Sec. Litig.*, 732 F.2d 1302, 1313 (7th Cir. 1984).

The Court will first address the Counter-Defendants' motions to seal. Counter-Defendants filed their first Motion to Maintain Documents Under Seal pursuant to Local Rule 5-11, merely indicating that the documents filed under seal were so filed because Home Instead had designated them as "Attorney's Eyes Only" or "Confidential" during discovery and requesting that the documents be maintained under seal for fourteen days in order to give Home Instead the opportunity to demonstrate why the documents should remain under seal. [Dkt. 93.] Home Instead has since so moved to maintain three of the five attachments under seal, but concedes to the unsealing of Docket Entry 92-4 and Docket Entry 92-5. [Dkt. 115]. In support of its concession, Home Instead filed a Statement of Authorization, requesting that the Court "unseal Exhibits 22 and 33" to Counter-Defendants' response brief. [Dkt. 113.] Accordingly, Counter-Defendants' first motion is **DENIED as MOOT**, and the Clerk of the Court is **ORDERED** to **UNSEAL** Docket Entry 92-4 and Docket Entry 92-5.

Next, Counter-Defendants move to maintain twenty-three additional exhibits under seal that were filed by Home Instead in support of its reply brief because the documents contain the name, date of birth, contact information, and health information of their clients, which is statutorily required to remain confidential pursuant to the Health Insurance Portability and Accountability Act (HIPAA), 45 C.F.R. §§ 160.103, 164.501. [Dkt. 112]. Along with their motion, Counter-Defendants filed a Submission of Redacted Documents, which contains minimally-redacted copies of each of the twenty-three documents, only eliminating the clients' names, home addresses, e-mail addresses, phone numbers, and dates of birth from the reader's

view.  [*See* Dkt. 114.]  Because HIPAA requires that such information be "maintained in confidence," the Counter-Defendants' proposed redactions fall squarely within one of the categories of "bona fide long-term confidentiality" contemplated by the Seventh Circuit in *Baxter*.  Additionally, Counter-Defendants' minimal redactions meet the Court's requirement that a party seeking permanent seal must "file for public view a copy of all documents sought to be maintained under seal from which only the information properly subject to being sealed has been redacted," as "[o]ver-redaction may result in the denial of a motion to seal."  [Dkt. 77.]  Accordingly, the Clerk of the Court is **ORDERED to maintain under PERMANENT SEAL** Docket Entries 99-3, 99-13, 99-14, 99-18, 100-6, 100-7, 100-8, 100-9, 100-10, 100-11, 100-12, 100-18, 101-1, 101-2, 101-3, 101-4, 101-5, 101-7, 101-9, 101-10, 102-8, 102-9, and 102-10.

      Finally, Home Instead has filed four motions to permanently seal a total of twenty-five attachments in their entirety—no proposed redactions have been provided to the Court.  [*See* Dkts. 103, 115, 117, & 120.]  While Home Instead fails to discuss the merit of permanently sealing each individual document, it appears that the vast majority, if not all, of the documents are blank forms and/or operations manuals.  [*See id.*]  While most of the documents were provided by Home Instead during the discovery process, many of the documents were produced by Elder Care but Home Instead wants them to remain sealed because it asserts that the are substantially similar to Home Instead's own forms and/or manuals.  [*See* Dkt. 117.]  While the basis for permanent seal does not appear to be identical in each motion, Home Instead widely asserts that making even portions of the documents public would expose Home Instead to a threat of competitive injury [*see, e.g.*, Dkt. 103] and would expose its trade secret information and processes [*see* Dkt. 115].  In response, Counter-Defendants insist that the materials are not trade secret, that much of the information is already available to the public, and that Home

Instead's failure to propose redactions of the documents warrants denial of Home Instead's motions to seal. [*See* Dkts. 110, 124.] The Court is disinclined to seal twenty-five documents in their entirety but nonetheless schedules the matter for **ORAL ARGUMENT**.

### III.  Conclusion

For the aforementioned reasons, Counter-Defendants' Motion to Maintain Documents Under Seal [Dkt. 93] is **DENIED as MOOT** and Counter-Defendants' Motion to Maintain Certain Documents Under Seal and Statement Authorizing Unsealing of Other Documents [Dkt. 111] is **GRANTED**.  Additionally, the Court **ORDERS** the parties to appear for a hearing on Home Instead's remaining motions to seal [Dkts. 103, 115, 117, & 120], which is to take place on **Tuesday, August 11, 2015 at 1:30 pm at 46 East Ohio Street in Courtroom 243**.

Accordingly the Clerk of the Court is **ORDERED to UNSEAL** Docket Entry 92-4 and Docket Entry 92-5.  Additionally, the Clerk of the Court is **ORDERED to PERMANENTLY SEAL** Docket Entries 99-3, 99-13, 99-14, 99-18, 100-6, 100-7, 100-8, 100-9, 100-10, 100-11, 100-12, 100-18, 101-1, 101-2, 101-3, 101-4, 101-5, 101-7, 101-9, 101-10, 102-8, 102-9, and 102-10.  The following Docket Entries are to remain **TEMPORARILY SEALED**, pending oral argument: 92-1, 92-2, 92-3, 99-16, 99-17, 100-13, 101-8, 101-11, 101-12, 101-13, 101-14, 101-15, 101-16, 101-17, 101-18, 101-19, 101-20, 102-1, 102-2, 102-3, 102-11, 102-12, 102-13, 119-1, and 119-2.

Additionally, the Clerk is hereby **ORDERED to UNSEAL** the following related Docket Entries that no party has moved to seal: 99-1, 99-2, 99-4, 99-5, 99-6, 99-7, 99-8, 99-9, 99-10, 99-11, 99-12, 99-15, 100-1, 100-2, 100-3, 100-4, 100-5, 100-14, 100-15, 100-16, 100-17, 100-19, 100-20, 101-6, 102-4, 102-5, 102-6, 102-7, 102-14, 102-15, 102-16, 102-17, 102-18, 102-19, 102-20, 102-21, 102-22, 102-23, 102-24, 102-25, 102-26.  Pursuant to Local Rule 5-11(g), the

Clerk is instructed to unseal these documents fourteen (14) days after the date of this order, absent objection pursuant to Federal Rule of Civil Procedure 72(a), motion to reconsider, appeal, or further court order extending such seal.

Dated: 07/16/2015

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Gregory W. Guevara
BOSE MCKINNEY & EVANS, LLP
gguevara@boselaw.com

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP
pzimmerly@boselaw.com

Ronald E. Elberger
BOSE MCKINNEY & EVANS, LLP
relberger@boselaw.com

Adam W. Barney
CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, LLP
abarney@clinewilliams.com

Theresa D. Koller
CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, LLP
tkoller@clinewilliams.com

Trenten P. Bausch
CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, LLP
tbausch@clinewilliams.com

Adam Arceneaux
ICE MILLER LLP
adam.arceneaux@icemiller.com

Mark R. Alson
ICE MILLER LLP
mark.alson@icemiller.com

Olga A. Voinarevich
ICE MILLER LLP
olga.voinarevich@icemiller.com

Josh F. Brown
LAW OFFICES OF JOSH F. BROWN, LLC
josh@indyfranchiselaw.com