UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELDER CARE PROVIDERS OF INDIANA, INC., | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 1:14-cv-01894-SEB-MJD |
| HOME INSTEAD, INC., | ) ) | |
| Defendant. | ) ) | |
| _____ | ) ) | |
| HOME INSTEAD, INC., | ) ) | |
| Counter Claimants, | ) ) | |
| vs. | ) ) | |
| ANTHONY SMITH, GEORGETTE SMITH, PURPOSE HOME HEALTH, INC. f/k/a Home Again Senior Care, Inc., ELDER CARE PROVIDERS OF INDIANA, INC., | ) ) ) ) ) ) | |
| Counter Defendants. | ) | |

**ORDER OVERRULING OBJECTIONS TO MAGISTRATE
JUDGE'S ORDER ON MOTION FOR LEAVE TO FILE THIRD
AMENDED COMPLAINT**

Elder Care Providers of Indiana, Inc., Anthony and Georgette Smith, and Purpose Home Health, Inc. f/k/a "Home Again Senior Care" (collectively, the "Smith Parties") object to the Magistrate Judge's Order on Motion for Leave to File Third Amended Complaint filed at Docket Number 334 ("Order"). [Dkt. No. 335 (Objection).] The Order denies the Smith Parties' Motion for Leave to File a Third Amended Complaint for the purposes of adding a claim for race discrimination under 41 U.S.C. § 1981. The Smith

Parties object, arguing that the Magistrate Judge's denial of their motion ignored the interests of justice and the delay allegedly caused by Home Instead, and the Magistrate Judge assumed that the amendment would prejudice Home Instead. For the following reasons, we OVERRULE the Smith Parties' objection and AFFIRM the Order.

## Background

The Smith Parties filed a Motion for Leave, pursuant to Federal Rule of Civil Procedure 15, to add a race discrimination claim under 42 U.S.C. § 1981. After considering the parties' briefing, Magistrate Judge Dinsmore denied the Motion on the grounds that the Smith Parties did not demonstrate good cause to amend their complaint, which request came more than a year after the deadline to do so had passed. At the time the Motion was filed, the parties were two years into the litigation, discovery had closed, and three summary judgment motions were pending. The Magistrate Judge thus quite reasonably concluded that adding a race discrimination claim "would significantly alter the factual inquiry of the case long after discovery has closed." [Order at 5.] Finding that the Smith Parties had knowledge of a potential race discrimination claim from very early on in the litigation but admitted that "it did not seek discovery specifically on the issue of race discrimination", the Magistrate Judge denied the Motion for Leave. [*Id.* (citing Dkt. No. 332 at 8).]

## Standard of Review

The Smith Parties' Objection was filed pursuant to Federal Rule of Civil Procedure 72(a), and, as the Smith Parties state, we sustain an objection with respect to a Magistrate Judge's order that is clearly erroneous or is contrary to law. [Dkt. No. 335.] In its Response

to the Objection, Home Instead concurred with this standard of review. [Dkt. No. 336 at 2-3.] However, in a footnote in its Reply Brief, without citation to any legal authority, the Smith Parties argue for the first time that a *de novo* standard of review applies because the Order "would effectively bar the Smiths and Elder Care from vindicating their federally protected civil rights altogether." [Dkt. No. 337 at 2, n.2.]

According to the Seventh Circuit, a district court judge reviews a Magistrate Judge's order denying a motion to amend the complaint under the "clearly erroneous or contrary to law" standard. *Hall v. Norfolk So. Ry. Co.*, 469 F.3d 590, 594-95 (7th Cir. 2006) (review of a magistrate judge's order denying a motion to amend to add another defendant as futile). Rejecting the argument that the denial of a proposed amendment effectively resulted in a dispositive Rule 12(b)(6) decision, the Seventh Circuit reasoned that 28 U.S.C. § 636(b)(1)(A) "lists dispositive motions on which a magistrate judge may not issue a final ruling without de novo review by the district judge; motions to amend pleadings are not included." *Id.* at 595. Thus, we apply the clearly erroneous or contrary to law standard when ruling on the Smith Parties' objection to the Magistrate Judge's denial of their Motion for Leave to Amend.

An order is contrary to law when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Pain Ctr. of SE Ind., LLC v. Origin Healthcare Solutions LLC*, No. 1:13-CV-00133-RLY-DKL, 2014 WL 958464, at *3 (S.D. Ind. Mar. 12, 2014). The clear error standard permits reversal "only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997); *see also Bustillo v. Harvey*, No. 2:13-CV-00120-

3

JMS-WGS, 2014 WL 2968680, at *2 (S.D. Ind. July 2, 2014) ("A finding is clearly erroneous when, after considering the entire record, the reviewing court has been definitely and firmly convinced that a mistake has been committed.") (internal citations omitted). "This is an extremely deferential standard and the district court may not reverse the magistrate judge's decision simply because the district court judge would have come to a different conclusion." *Doe v. Individual Members of Ind. State Bd. of Law Examiners*, No. 1:09-CV-842-WTL-JMS, 2010 WL 106580, at *1 (S.D. Ind. Jan. 4, 2010) (citing *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006)); *see also Madison v. City of Evansville*, No. 3:14-CV-00072-TWP-WGH, 2015 WL 1866054, at *1 (S.D. Ind. Apr. 23, 2015); *see also* Wright, Miller & Marcus, Federal Practice and Procedure § 3069 ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge."). We find no such error here.

**Analysis**

We begin our deferential review with a presumption that the Magistrate Judge's Order is correct. The Order reflects Magistrate Judge Dinsmore's careful and thorough consideration of whether it would be appropriate to allow the Smith Parties to add a claim for race discrimination after the case had been pending for two years and when the relevant deadlines for conducting discovery and filing dispositive motions had passed.

The Smith Parties do not argue that the Magistrate Judge misunderstood the facts or applied incorrect law. Rather, their tripartite objection is as follows: first, they argue that the Magistrate Judge ignored the interests of justice by effectively requiring them to assert a claim for discrimination before they marshalled the necessary supportive facts; second,

4

they contend that the Magistrate Judge's Order rewards Home Instead for its alleged decision to stall discovery and to withhold documents that would support a race discrimination claim; and, third, they argue that the Magistrate Judge's conclusion that the amendment would unduly prejudice Home Instead was unsupported.[1]

Magistrate Judge Dinsmore set out the appropriate standard for resolving a motion to amend the pleadings. Rule 15(a) of the Federal Rules of Civil Procedure provides that courts should freely permit a plaintiff to amend its pleadings where justice so requires and where there is no harm to the defendant. However, to amend a pleading *after* the expiration of the trial court's Case Management Plan deadline, as is the case here, the moving party must demonstrate "good cause." Fed. R. Civ. P. 16(b)[2]. In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). It is also proper for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation. *Dussouy v. Gulf Coast Investment Corporation*, 660 F.2d 594, 598 (5th Cir. 1981). Whether to grant a motion to amend a pleading is within

---

[1] Magistrate Judge Dinsmore did not deny the Smith Parties' Motion for Leave on the grounds that an amendment would prejudice Home Instead. He denied the Motion because the Smith Parties could not establish good cause to justify a late amendment of the complaint. He went on to say that even *if* the Smith Parties could establish good cause, given the procedural posture of the case (discovery being closed and the extensive summary judgment motions filed), Home Instead would be prejudiced by such a significant alteration to the relevant factual inquiries. [Order at 5.] The Smith Parties' objection that the Magistrate Judge improperly assumed prejudice to Home Instead fails to achieve liftoff.

[2] Because the Smith Parties must demonstrate "good cause" and not simply prove that "justice" requires leave to amend, we overrule the Smith Parties' objection that the Magistrate Judge ignored the "interests of justice" that would require leave to amend.

a district court's discretion and, here, the Magistrate Judge's discretion. *Goulding v. Feinglass,* 811 F.2d 1099, 1103 (7th Cir. 1987).

Having held nearly a dozen status conferences and two settlement conferences, and having ruled on a several motions related to requests and objections to file documents under seal as well as two motions to compel discovery, the Magistrate Judge is familiar with the history of this case and the parties' discovery efforts. In determining that the Smith Parties had not acted with diligence to assert a race discrimination claim, Magistrate Judge Dinsmore relied on the Smith Parties' First Amended Complaint (filed December 2014) in which they alleged that Home Instead had discriminated against them, the November 2015 deposition examination of Home Instead representative's about race and minority franchisees (in response to the Smith Parties' argument that they did not have sufficient factual support to assert a § 1981 claim until after it took depositions in August and September 2016), and the fact that Smith Parties did not seek discovery specific to race discrimination at all prior to the discovery deadline. [Order at 3-5.] The Smith Parties did not argue in their Objection that these facts were erroneous. The Magistrate Judge concluded that the Smith Parties were aware of the potential race discrimination claim early on in the litigation (a year before seeking leave to amend) and, yet, failed to diligently explore the issue in discovery and did not timely request leave to amend. [*Id.* at 4.]

It is clear that Magistrate Judge Dinsmore applied the appropriate standard in denying the Smith Parties' request to amend their complaint after the expiration of the Case Management Plan deadline. His conclusion that the Smith Parties failed to act with the proper diligence necessary to satisfy Rule 16(b) as supported by the relevant facts and

6

circumstances was neither clearly erroneous nor contrary to law. Moreover, the Magistrate Judge's decision is supported by *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). In *Trustmark*, the plaintiff sought to amend its complaint nine months after the prescribed deadline. *Id.* Plaintiff attempted to show good cause by arguing that it did not confirm its "suspicions" of the new claim until after it had conducted discovery. *Id.* Because the plaintiff admitted that its suspicions existed months before the original complaint was filed, the district court found that the plaintiff had not demonstrate good cause for its failure to amend its complaint in a timely manner. The Seventh Circuit affirmed the district court's conclusion that the plaintiff "was, or should have been, aware of the facts underlying its [] claim" prior to the deadline to amend, finding that the district court did not abuse its discretion. *Id.* In properly applying *Trustmark*, Magistrate Judge Dinsmore denied the Smith Parties' Motion for Leave to amend the complaint after the deadline to do so where the Smith Parties should have known about their claim for race discrimination. [*Id.*; Dkt. No. 334 at 4.]

The Smith Parties have failed to identify any part of the Order that is clearly erroneous or contrary to law. As a result, in deference to the Magistrate Judge's discretion, we OVERRULE the Smith Parties' objections to the Order. The Magistrate Judge's Order is AFFIRMED.

Dated: _____9/26/2017_____  _____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All CM/ECF Counsel of Record

7