UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELDER CARE PROVIDERS OF INDIANA, INC., | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 1:14-cv-01894-SEB-MJD |
| HOME INSTEAD, INC., | ) ) | |
| Defendant. | ) ) | |
| _____ | ) ) | |
| HOME INSTEAD, INC., | ) ) | |
| Counter Claimants, | ) ) | |
| vs. | ) ) | |
| ANTHONY SMITH, GEORGETTE SMITH, PURPOSE HOME HEALTH, INC f/k/a Home Again Senior Care, Inc., ELDER CARE PROVIDERS OF INDIANA, INC., | ) ) ) ) ) ) | |
| Counter Defendants. | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION AND
MOTION FOR SUMMARY JUDGMENT ON PUNITIVE DAMAGES**

This Order resolves two pending motions. Plaintiff Elder Care Providers of Indiana, Inc. ("Elder Care") filed a Limited Motion for Reconsideration of our Order on Cross Motions for Summary Judgment [Dkt. No. 338 ("SJ Order")]. [Dkt. No. 339 ("Motion for Reconsideration").] The Limited Motion for Reconsideration is directed towards our entry of summary judgment in favor of Home Instead on Elder Care's claim for discrimination under the Indiana Deceptive Franchise Practices Act ("IDFPA") which addressed only the

merits based issues and no damages claims. Home Instead, Inc. had also filed a Motion for Partial Summary Judgment Regarding Punitive Damages [Dkt. No. 312], which we have not previously addressed. For the following reasons, we DENY Elder Care's Motion for Reconsideration and DENY AS MOOT Home Instead's Punitive Damages Motion for Summary Judgment.

## Background

The facts of this case are explicated in great detail in our Preliminary Injunction Order [Dkt. No. 165] and our Order on Cross Motions for Summary Judgment [Dkt. No. 328]. We dispense with a full recitation of the facts here and include only the facts as necessary below.

## Discussion

**A.      Motion for Reconsideration**

Motions to reconsider a summary judgment ruling are brought under Federal Rule of Civil Procedure 54(b), which permits revision of non-final orders. *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012). "[M]otions to reconsider an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e)." *Woods v. Resnick,* 725 F.Supp.2d 809, 827 (W.D. Wis. 2010). The Seventh Circuit has summarized the role of motions to reconsider as follows:

> A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

2

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted). In other words, "Motions to reconsider 'are not replays of the main event'" and "are not at the disposal of parties who want to 'rehash' old arguments ... and such motions are not appropriate vehicles for introducing evidence that could have been produced prior to the entry of judgment or for tendering new legal theories for the first time." *Dominguez v. Lynch*, 612 Fed.Appx. 388, 390 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014)); *Wagner v. Nutrasweet Co.,* 873 F.Supp. 87, 101–02 (N.D. Ill. 1994), *rev'd in part and aff'd in part on other grounds*, 95 F.3d 527 (7th Cir. 1996) (citations omitted). Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* at 1270.

Home Instead as franchisor terminated the franchise agreement with Elder Care for three stated reasons, roughly summarized as: operating a competitor business (Home Again), diverting business to a competitor (Home Again), and adopting the confusing name Home Again. [Dkt. No. 1-3.] In response, Elder Care filed an IDFPA claim against Home Instead alleging that Home Instead had discriminated against Elder Care by terminating Elder Care's franchise agreement by wrongfully claiming that the Smiths' medical home health agency, Home Again, competed against Home Instead. According to the Smiths, Home Instead never terminated the franchise agreements of other franchisees who operated

3

businesses that provided services overlapping with those provided by Home Instead (e.g., transportation services and housekeeping services).

Home Instead moved for summary judgment on Elder Care's IDFPA discrimination claim. We granted that motion, concluding that Elder Care had failed to make a *prima facie* case of discrimination when it failed to identify a similarly-situated franchisee who both used a name confusingly similar to Home Instead and received more favorable treatment. [Order at 54 (citing *Canada Dry Corp. v. Nehi Bev. Co.*, 723 F.2d 512, 521 (7th Cir. 1983)) ("Thus, proof of 'discrimination' requires a showing of arbitrary disparate treatment among similarly situated individuals or entities.").] One of the three stated reasons that Home Instead terminated Elder Care's franchise agreement was its use of the confusing name "Home Again" (the "naming issue"). [*See* Dkt. No. 1-3 (Notice of Termination).]

In our Order, we held that it was improper for Home Instead to use the "name issue" as a basis to terminate the Franchise Agreement *without notice and an opportunity to cure*, given its delay of more than 20 months before terminating the Franchise Agreement. From that ruling, Elder Care extrapolates:

> From a discrimination standpoint, the court's summary judgment ruling on the contract claim confirms the Smith Parties' position that the Smiths' use of the "Home Again Senior Care" name was not a material violation of the Franchise Agreement that allowed Home Instead to summarily terminate their franchise, *but instead was only used as a contrived distinction* so that Home Instead could terminate the Agreement without notice and an opportunity to cure.

[Dkt. No. 339 at ¶ 3 (emphasis added).] Elder Care's conclusion, however, goes well beyond the scope of our Order.

4

Elder Care's argument that Home Instead "should not be allowed to treat Elder Care dissimilarly than other franchisees solely on [the basis of the name issue]" misconstrues our Order. Our conclusion that it was improper for Home Instead to terminate the Franchise Agreement without notice or opportunity to cure based on the naming issue says nothing of whether Home Instead *could have* terminated the Franchise Agreement based on the naming issue or *could have* terminated the Franchise Agreement without notice and opportunity to cure had it not allowed 20 months to pass before terminating. As stated in our Order, a comparator for purposes of an IDFPA claim must, in some way, involve a franchisee that used a name similar to "Home Instead" and was treated dissimilarly from Elder Care. Elder Care failed to identify any such franchisee and thus, its claim of discrimination under the IDFPA failed as a matter of law. We therefore granted summary judgment in favor of Home Instead. We see no reason to retreat from or modify this conclusion.[1]

In its Motion for Reconsideration, Elder Care does not present any new facts that were not available at the time of the summary judgment briefing nor any new controlling law[2] announced since our Order that would justify reconsideration of our decision. Nor

---

[1] In their briefing, the parties extensively discuss whether Elder Care puts the "pretext cart in front of the horse" because it contends that Home Instead's justification for terminating the Franchise Agreement was a pretext for the allegedly true reason for termination (the Smiths' operation of a home health care agency). We see no reason to address this argument because controlling authority requires Elder Care to identify a similarly situated franchisee that was treated more advantageously than Elder Care. It would be inappropriate for us to engage in a pretext analysis in the absence of a key element of Elder Care's IDFPA claim, to wit, the identification of a similarly situated franchisee receiving favorable treatment as compared to Elder Care.

[2] Following the Seventh Circuit's decision in *Andy Mohr Truck Ctr., Inc. v. Volvo Trucks N.A.*, 2017 WL 3695355 (Aug. 28, 2017), Elder Care submitted the decision for our consideration.

has Elder Care shown that we patently misunderstood its arguments, made a decision outside the adversarial issues presented by the parties, or that we failed to apprehend their legal authorities. Accordingly, we DENY Elder Care's Motion for Reconsideration.

**B.     Motion for Partial Summary Judgment as to Punitive Damages**

In response to Elder Care's Notice of its intent to seek punitive damages, Home Instead filed a Motion for Partial Summary Judgment seeking a ruling that Elder Care is not entitled to recover an award of punitive damages. [Dkt. No. 312.] Elder Care's request for punitive damages relates only to its IDFPA claims. [*See id.* at 2 ("This Motion is limited solely to the issue of whether Elder Care is legally entitled to seek punitive damages in connection with claims brought pursuant to the [IDFPA]."; Dkt. No. 315 (Elder Care Response) at 16 ("At trial, Elder Care intends to seek punitive damages on its claims for unlawful conversion, discrimination and bad faith termination under the IDFPA.").] Home Instead's Summary Judgment Motion is now moot primarily because we granted summary judgment in Home Instead's favor on Elder Care's IDFPA claims [SJ Order at 55]. Further, as explained above, we have denied Elder Care's request that we reconsider our decision

---

[Dkt. No. 342.] The *Andy Mohr* decision does not change the law with respect to the IDFPA or the requirement that to make a *prima facie* claim for discrimination under the IDFPA a plaintiff must identify a similarly situated franchisee. Elder Care points to the Court's statement that "[whether comparators are similarly situated is] usually is a question of fact for the jury," [Dkt. No. 342 at 2], but that sentence goes on to say "assuming that the plaintiff has produced enough evidence to reach trial and survive judgment as a matter of law." 2017 WL 3695355 at *4. We have found that Elder Care did not produce enough evidence of a similarly situated comparator, to wit, it did not identify any franchisee who used a name substantially similar to "Home Instead." Ours is not a case where the jury must weigh the qualities of the identified comparators. Here, the unauthorized use of the name "Home Instead" was a stated reason for termination. As we have said, Elder Care must provide a comparator whose franchise agreement was terminated due to the use of a name substantially similar to Home Again. It did not. The *Andy Mohr* decision does not change this result.

on its IDFPA claim. Having granted summary judgment in favor of Home Instead as to Elder Care's IDFPA claim, Home Instead's Punitive Damages Motion for Summary Judgment is now moot and is therefore DENIED.

**Conclusion**

For the foregoing reasons, we DENY Elder Care's Limited Motion for Reconsideration of our Order on Cross Motions for Summary Judgment [Dkt. No. 339] and we DENY as moot Home Instead's Motion for Partial Summary Judgment Regarding Punitive Damages [Dkt. No. 312].

Dated: _____9/26/2017_____       _____*Sarah Evans Barker*_____
                                        SARAH EVANS BARKER, JUDGE
                                        United States District Court
                                        Southern District of Indiana

Distribution: All CM/ECF counsel